IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAKEEMA GERRELL DANIELS,

        Plaintiff,

   v.

MICHAEL TAYLOR JAIL STAFF,

        Defendant.

Case No. 1:21-cv-00050-JR

ORDER TO DISMISS

SIMON, Judge.

     Plaintiff, an adult in custody at the Coffee Creek Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983.   Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*.   However, for the reasons set forth below, the Court dismisses plaintiff's Complaint.

## **BACKGROUND**

     Plaintiff's claims arise from her incarceration at the Lake County Jail as a pretrial detainee.   In the caption of his Complaint, plaintiff identifies as the sole defendant "Michael Taylor Jail Staff.   At page two of the Complaint, however, plaintiff identifies as an additional

defendants Lieutenant Paul Havel, Deputy Kassandra Stoffel; and corrections officer Stacy Rogers.   Plaintiff's Complaint alleges violation of rights under the Eighth Amendment by the following verbatim statement: "No fresh air, no sun light, no day room, cold meals at night, not even a hour out of cell, brown drinking water bed next to the bathroom facilities poor medical no mental health."   Plaintiff further alleges "locked in small cell with 3 people, bad water, food spoil unfit," "I got served mayo & tomatos too many occasions I'm allergic," and "my hand 'right' close on it's own a lot it's my nerves."   By way of remedy, plaintiff seeks money damages.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.   *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b).   When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt.   Erickson v. Pardus, 551 U.S. 89, 94 (2007).   Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies.   Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).   A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

2  - ORDER TO DISMISS

## I.      Procedural Deficiencies

Pursuant to Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court."   Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   Courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not.   Iqbal, 556 U.S. at 678.   As set forth above, plaintiff's Complaint consists of a list of threadbare recitals, which does not satisfy the pleading requirements of Rule 8.

In addition, pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties."   As noted, the defendant identified in the caption of plaintiff's Complaint differs from those identified at page two.   Should plaintiff file an Amended Complaint curing the substantive deficiencies noted below, the Court advises plaintiff to clearly identify all intended defendants in the caption thereof.

## II.      Substantive Deficiencies

3  - ORDER TO DISMISS

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights.   42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).   A § 1983 plaintiff must establish both causation-in-fact and proximate (*i.e.*, legal) causation.   See Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).   Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."   Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).   "Sweeping conclusory allegations [regarding causation] will not suffice[.]"   Id. (citation omitted).

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.   See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).   There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability.   Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).   "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   Iqbal, 556 U.S. at 676.   "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."   Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).   Other than the general allegation noted above, plaintiff does not allege facts establishing that defendant Taylor or any of

4  - ORDER TO DISMISS

the other identified individuals personally participated in the deprivation of plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in plaintiff's injuries.

Moreover, the Fourteenth Amendment's Due Process Clause, not the Eight Amendment Cruel and Unusual Punishment Clause, applies to pretrial detainees and is violated when the conditions to which the detainee is subjected amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). Conditions-of-confinement claims, including medical treatment claims, of pretrial detainees are analyzed using a standard of "objective deliberate indifference." Gordon v. County of Orange, 888 F.3d 1118, 1124 (9th Cir. 2018).

Under this standard, a detainee must establish the following elements:

(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Id. at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." Id. (internal quotation marks and alteration omitted).

Although the Court uses an objective standard in evaluating medical-treatment claims of pretrial detainees, this standard must not be confused with the objective standard used for evaluating claims of negligence under state law. This is because negligence, the "mere lack of due care" by a governmental official, "does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc); see also Daniels v. Williams, 474 U.S. 327, 332 (1986). Therefore, a

5  - ORDER TO DISMISS

pretrial detainee complaining of inadequate medical treatment must "prove more than negligence but less than subjective intent-something akin to reckless disregard."    <u>Castro</u>, 833 F.3d at 1071.

Plaintiff's allegations are vague and generalized, challenging insufficiently described jail conditions and policies.    For example, "no fresh air," "brown drinking water," and "poor medical" are simply conclusions devoid of factual support.    The bare-bones allegations of the Complaint do not give rise to a reasonable inference that any defendant committed a constitutional violation without more factual support.    Accordingly, plaintiff's Complaint does not state a § 1983 claim upon which relief may be granted.

## <u>CONCLUSION</u>

Based on the foregoing, the Court DISMISSES plaintiff's Complaint.    Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this Order.    Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this   26th   day of February 2021.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

6  - ORDER TO DISMISS